917 F.2d 1302
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Bruce R. SENATOR, Plaintiff-Appellant,
v.
BALTIMORE COUNTY, MARYLAND; Baltimore County Police
Department; D. Roesler; Officer D. Roesler; Officer
Rocky; Corporal Bullwinkle; Cornelius J. Behan; Chief of
Police of Baltimore County; Gary Marschke; Captain Ruth,
Defendants-Appellees,
and
Baltimore County Police Officers Precinct # 11; Officers
Rocky and Bullwinkle and Does 1 through 10; James
L. Burton, Defendants.
 No. 90-1744.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 10, 1990.
Decided Nov. 9, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, District Judge. (CA-88-2142-JFM)
 E. Gregory Lardieri, Greenbelt, for appellant.
 Arnold Jablon, County Attorney, John A. Austin, Assistant County Attorney, Towson, for appellees.
 D.Md.
 AFFIRMED.
 Before K.K. HALL and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Bruce R. Senator appeals the district court's denial of his motion to rescind the stipulation of dismissal of his 42 U.S.C. Sec. 1983 suit. Our review of the record and the district court's opinion discloses that this appeal is without merit. Accordingly, we affirm.
 
 
 2
 This incident began when Senator became involved in an altercation with an off-duty police officer. Three other police officers eventually arrived on the scene. Senator was arrested and charged with assault and negligent driving. Senator filed a 42 U.S.C. Sec. 1983 suit against the officers and Baltimore County accusing the officer of running him off the road. After reaching an agreement with the state to drop the criminal charge, Senator signed a stipulation of dismissal for his Sec. 1983 suit. After questioning by a state judge, this agreement was entered. Senator seeks to rescind the release, claiming that he signed it under duress.
 
 
 3
 Contrary to the position advocated by the appellant, the issues presented in this action are questions of federal, not state, law. As stated by the Supreme Court, the right to sue is conferred by federal statute. The question of whether a waiver of that right is permissible is also a question of federal law. Town of Newton v. Rumery, 480 U.S. 386, 392 (1987).
 
 
 4
 In Rumery, a plurality opinion, the Supreme Court rejected a rule invalidating all release-dismissal agreements. The Court held that each case involving such agreements should be examined individually. As with other plea bargains, the defendant's decision must be an informed and voluntary one. Id. at 393-94.
 
 
 5
 In her concurrence, Justice O'Connor sets forth several factors which bear on whether the release was voluntary and not the product of overreaching on the part of the prosecutor. These factors include the knowledge and experience of the criminal defendant, whether the defendant received counsel, the nature of the criminal charges, the existence of a legitimate criminal justice objective in obtaining the release, and whether the agreement was executed under judicial supervision. Id. at 401-02 (O'Connor, J., concurring).
 
 
 6
 As noted by the district court, it is evident that Senator was reluctant to enter into the agreement. However, there is no evidence that he did so involuntarily. Senator had ample time to consider the arrangement. He is also an intelligent individual, with two bachelor degrees to his credit. He was advised regarding the agreement and his criminal case by counsel of his own choosing. Plus, the agreement was executed under judicial supervision where Senator was questioned about whether he accepted the agreement.
 
 
 7
 There is also no evidence of prosecutorial misconduct or overreaching. Senator was in jail before he agreed to the release-dismissal arrangement not because of prosecutorial coercion but because he had deliberately failed to appear for one of his previous court dates. Senator claims that his incarceration amounts to coercion which is sufficient to invalidate his acceptance of the agreement. However, this situation, not of the prosecutor's making, gave Senator an opportunity to realistically evaluate his alternatives and does not render his decision involuntary.
 
 
 8
 Finally, public policy does not preclude the enforcement of this agreement. In fact, as noted by the district court, public policy would be violated if this agreement were invalidated because Senator intended to deliberately deceive the court. Senator appeared before the court and agreed to the plea even though he never had any intention of abiding by it. In deceiving the court, Senator left the courtroom and Maryland without facing his criminal trial. If he had been convicted his civil rights suit would have been greatly undermined. Allowing Senator to benefit from his deceit, by avoiding prison and keeping his Sec. 1983 suit unencumbered from a criminal conviction, violates public policy. Thus, defendants have met their burden to show that, in this case, the release agreement serves the public interest. See Lynch v. City of Alhambra, 880 F.2d 1122, 1128 (9th Cir.1989).
 
 
 9
 Accordingly, we affirm the district court's denial of Senator's motion to rescind the stipulation dismissing his 42 U.S.C. Sec. 1983 suit. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED